IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**DEREK MATTHEW ORME**,

    **Plaintiff,**

v.                                                    Case No. 3:22-cv-00049

**HUNTINGTON POLICE DEPARTMENT;**
**CABEL COUNTY CIRCUIT COURT;**
**CITY OF HUNTINGTON, WEST VIRGINIA; and**
**PAUL HUNTER,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Plaintiff, Derek Matthew Orme ("Orme"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, (ECF No. 2), related to the loss of his personal property, which he claims is being improperly held by the defendants. Currently pending are Orme's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and the initial screening of his complaint. This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned **RECOMMENDS** that the presiding District Judge **DISMISS** the complaint as it fails to state a claim that is compensable in this Court; **DENY** the Application to Proceed Without Prepayment of Fees and Costs, as moot; and **REMOVE** this civil action from the docket of the Court.

I.    **Introduction**

Orme alleges that, in 2020, the Huntington Police Department ("HPD") and Paul Hunter confiscated Orme's personal property—including $2000, a phone, and a 2008 Ford Escape—incident to his arrest on a malicious wounding charge. (ECF No. 2). Orme claims that the charge was later dismissed, but his property was not returned. Accordingly, Orme's criminal defense attorney filed a motion seeking to have the property released to Orme, which was purportedly granted in October 2021 by the Honorable Christopher Chiles, Judge, Circuit Court of Cabell County, West Virginia. However, Orme states that a court order was never entered to that effect, and his property is still being held by the HPD. For relief, Orme asks this Court to order the HPD to return his property and award him compensation for pain and suffering. (*Id.*).

II.    **Standard of Review**

Under the provisions of 28 U.S.C. § 1915(e)(2), when an individual seeks to prosecute a complaint *in forma pauperis*, the court must screen the pleading and dismiss it, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant "who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Denton v. Hernandez,* 504 U.S. 25 (1992). Likewise, a complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

The United States Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the court is required to accept as true the factual allegations asserted in a complaint, but is not required to accept the legitimacy of legal conclusions that are "couched as … factual allegation[s]." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 554). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679.

Orme has filed his complaint *pro se*, and courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>Discussion</u>

Orme filed suit pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any State "law, statute, ordinance, regulation, custom, or usage." Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in

3

accordance with their authority or misuse it." *Monroe v. Pape,* 365 U.S. 167, 171-172 (1961). In order to state a viable claim under § 1983, a plaintiff must show that: (1) a person deprived him or her of a federally protected civil right, privilege, or immunity and (2) that the person did so under color of State law. *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999).

Orme claims that the defendants are unlawfully refusing to return his personal property. Liberally construed, his cause of action is one for a violation of his constitutional right to due process of law. The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. In a procedural due process claim, it is not the deprivation itself that is unconstitutional; rather it is the deprivation of personal interests *without due process*. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original) (citation omitted). As the Supreme Court of the United States explained in *Zinermon*:

> The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law.

*Id.* at 126.

In West Virginia, a criminal defendant whose property is seized may file a motion for the return of that property. *See* W. Va. Code § 62-1A-6; *also* Rule 41(e), W. Va. R. Crim. P. The Supreme Court of Appeals of West Virginia ("WVSC") addressed the process for obtaining relief in *Pristine Pre-Owned Auto, Inc. v. Courrier,* 783 S.E.2d 585, 589-90 (W.

Va. 2016). In *Pristine Pre-Owned Auto, Inc.,* the petitioner sought a writ of mandamus compelling a police office and prosecuting attorney to return items that were seized during execution of a search warrant. The WVSC noted that W. Va. Code § 62-1A-6 applied when criminal charges were pending and Rule 41(e) applied regardless of whether charges had been filed. In both instances, the police officer and prosecuting attorney had no obligation to return the property until the state court entered an order directing that the property be released to the owner. If the court fails to properly enter the order, then the property owner can bring the matter to the attention of the appellate court.

Outside of the criminal arena, West Virginia law also authorizes civil causes of action to recover personal property wrongfully withheld by another individual. *See Kidd v. Bradley*, 578 F. Supp. 275, 276–77 (N.D.W. Va. 1984). In *Kidd,* a state prisoner sought damages against two correctional officers who had deprived the prisoner of his personal property. Relying on Supreme Court precedent, the District Court noted that the state prisoner did not assert a cognizable claim under § 1983 for loss of his property, because West Virginia provided adequate post-deprivation remedies. As explained in *Kidd*:

> Under the common law of West Virginia, "[t]he tortious or unlawful taking of personal property, and the exercise of ownership and dominion over it, against the consent of the owner is … a conversion of the property for which … [a cause of action] will lie." The common law likewise recognizes a cause of action for the negligent deprivation of, or injury to, one's personal property rights. Inasmuch as these common law actions provide the Plaintiff at bar with an adequate post-deprivation remedy, the Court finds that the Plaintiff has not stated a cause of action under Section 1983.

*Id.* (citations omitted); *see, also, Goodman v. Ramey*, No. CIV.A. 2:12-0439, 2012 WL 5966642, at *4 (S.D.W. Va. Nov. 29, 2012) (holding that an inmate failed to state a constitutional claim for the loss of his property when he could have challenged the taking "in a garden-variety tort claim in state court.").

Orme claims that the Circuit Court of Cabell County granted the motion filed by his attorney to return Orme's property, but then failed to enter the corresponding order. Orme does not suggest that he has taken any other steps to remedy the situation within the state court system; such as, filing a second motion or a separate proceeding with the Circuit Court, or accessing available appellate procedures. It is clear that West Virginia provides Orme with adequate post-deprivation remedies, and Orme must pursue those remedies to effect the return of his property. Consequently, he fails to state a claim in this Court that is cognizable under § 1983. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("Accordingly, we hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available."); *Gray v. Coeymans Police Department,* Case No.: 1:16-CV-1239, 2020 WL 871179, at * 6 (N.D.N.Y. February 21, 2020) (holding that owner had adequate state remedy to obtain personal property wrongfully withheld by the police department, so his claim is not cognizable under § 1983); *Carter v. Lassiter*, No. 1:18-CV-275-FDW, 2019 WL 6048043, at *5 (W.D.N.C. Nov. 14, 2019) ("Where a state employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the State provides an adequate post-deprivation remedy."). With adequate state remedies available to Orme, the undersigned **FINDS** that his complaint should be dismissed.

## IV.   Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding United States District Judge accept and adopt the proposed findings and **RECOMMENDS** that Plaintiff's Complaint, (ECF No. 2), be **DISMISSED;** the

6

Application to Proceed Without Prepayment of Fees and Costs be **DENIED,** as moot, (ECF No. 1); and this civil action be removed from the Court's docket.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three additional days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding district judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff.

**FILED:**  February 17, 2022

Cheryl A. Eifert
United States Magistrate Judge